IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CRAIG SAUNDERS<br><br>    v.<br><br>MARIROSA LAMAS, et al. | CIVIL ACTION<br><br>NO. 12-7131 |
|---|---|

**Baylson, J.**                                                                                                          **December 23, 2015**

### MEMORANDUM RE OBJECTIONS TO REPORT AND RECOMMENDATION

Following a Report and Recommendation by Magistrate Judge Timothy R. Rice, dated August 12, 2015, and timely objections filed by petitioner, and review of the objections and other matters filed of record, the Court will **DENY** the petition for the following reasons.

Judge Rice's 62-page Report and Recommendation ("R&R") contains a thorough review of the state court proceedings, including a summary of the evidence introduced at petitioner's state court trial, where he was convicted of numerous felonies and sentenced to a lengthy prison term. The Pennsylvania Superior Court affirmed the conviction in a detailed opinion. Commonwealth v. Saunders, No. 838 EDA 2004 (Pa. Super. Ct. Dec. 1, 2006). Following denial of petitioner's post-conviction hearing petition in the Court of Common Pleas, the appeal to the Superior Court was rejected. Commonwealth v. Saunders, No. 1301 EDA 2010 (Pa. Super. Ct. Aug. 9, 2011). The petition in this Court under 28 U.S.C. § 2254 then followed.

A.      **Petitioner's Contentions**

Petitioner's objections, ECF 67, total 75 pages, containing a multitude of allegations of error. Petitioner's objections are repetitive, rambling, at times incoherent, and constitute approximately 250 separate allegations of error, plus many inaccurate legal contentions. However, petitioner did include a Table of Contents which shows the principal topics about which he asserts the R&R was erroneous, which can be summarized as follows:

    1.      Objection to correctness and authenticity of trial transcripts.

    2.      None of petitioner's claims are procedurally defaulted.

    3.      Denial of effective assistance of counsel.

    4.      Petitioner's rights to appeal were violated by the actions and omissions of the trial court.

    5.      Petitioner's due process rights were violated by the PCRA court's failure to apply the applicable law of governing PCRA proceedings.

    6.      The evidence was insufficient to sustain the verdict and no rational trier of fact could have found proof beyond a reasonable doubt.

    7.      Prosecutorial misconduct.

    8.      Improperly striking a juror by the trial court.

    9.      Illegal sentence with respect to the robbery and kidnapping charges, and in violation of *Blakely v. Washington*.

    10.     Trial court lacked subject matter jurisdiction because the bill of information was insufficient.

    10.     Petitioner is entitled to a new trial on the basis of newly discovered evidence, unavailable at the time of trial.

    12.     General allegations of denial of full and fair review of his claims.

Despite the obvious "bullshot" approach that petitioner has taken to virtually all of the findings and conclusions of the R&R, the Court has carefully reviewed the R&R and reviewed the gravamen of petitioner's objections in the context of Judge Rice's conclusions.

**B.**    **Standard of Review**

        This Court's obligation on reviewing and R&R does not require that the district court judge must scour the state court record for an independent assessment of the same evidence that the R&R reviewed. Rather, the district court need only determine whether the petitioner has

shown, by the objections, that there was some substantive legal error or omission resulting in denial to petitioner of relief to which he was entitled. [citation]

**C.     Analysis**

1. Although the Table of Contents asserts an objection to the correctness and authenticity of the trial transcripts, the substance of petitioner's objection on this point relates to the availability of a trial transcript from the first trial not being available to his counsel for his second trial, and also not being available for his direct appeal to the Pennsylvania state courts. Judge Rice concludes that petitioner did not suffer any prejudice from his counsel not having all transcripts for the direct appeal.   The record shows that they were basically available with the exception of the transcript relating to one issue, the trial court's striking of a juror during voir dire, as to which Judge Rice conducted de novo review and denied relief.   See R &R pp. 12-16.

2. Under AEDPA, a federal habeas claim is procedurally defaulted if it has not been preserved in prior state court proceedings.   Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); see also Willis v. Brooks, No. , 2007 WL 3429802, at *2 (Nov. 7, 2007) (Baylson, J) (citing Teague v. Lane, 489 U.S. 288, 308 (1988) (plurality opinion), Wainwright v. Sykes, 433 U.S. 72 (1976)).   The R&R concluded that several claims were procedurally defaulted because petitioner failed to make the claim in the state courts, and the state courts' conclusions rested on an adequate and independent state ground.   Petitioner makes a number of allegations that Judge Rice improperly found that a number of petitioner's claims were procedurally defaulted.   Petitioner does not accurately discuss this principle.   Judge Rice carefully documented the claims as to which petitioner or his counsel had not preserved the record at trial on direct appeal or in the PCRA proceedings.   Petitioner has not shown any substantive error in Judge Rice's findings on this

3

point.

3.  Ineffective assistance of counsel.  Judge Rice has detailed on pages 38-58 of the R&R a careful review of each allegation by petitioner that his trial counsel was ineffective.  This Court cannot find any error in Judge Rice's analysis.

4. – 5.  Denial of appeal and PCRA proceedings.  This claim is refuted by the Superior Court opinions referenced above, as the R&R discusses at pp. 16-17.  Petitioner has not shown any violation of his federal constitutional rights.

6.  Petitioner's claim that the evidence was insufficient was rejected in a thorough discussion at pages 21-26 of the R&R.  In order for petitioner to succeed on a federal habeas claim as to insufficiency of evidence, petitioner must prove he was denied due process.  The state court appeal thoroughly considered the evidence against petitioner and found that it was sufficient under state law.  There were substantial credibility disputes between the prosecution and defense witnesses at the trial.  A federal habeas court may not overturn a state court conviction if there is sufficient evidence to support the jury's verdict.  Although petitioner alleges that the prosecution evidence was insufficient, the R&R shows that the witnesses for the prosecution did testify to sufficient facts to support the conviction, as the Pennsylvania Superior Court held on direct appeal.  The petitioner disputes the credibility of the prosecution witnesses, but this Court cannot overrule the verdict of the jury which obviously found the prosecution witnesses credible.  The evidence was sufficient to prove petitioner guilty beyond a reasonable doubt.

7.  As to the claim prosecutorial misconduct, the Superior Court reviewed this and denied the claim on the merits, and petitioner did not show any violation of federal constitutional principles.  See R&R at pp. 30-35.

8. As to the claim of striking a juror, Judge Rice conducted a de novo review of the state court record on this issue and found that it was waived by the petitioner in state court and therefore procedurally defaulted, but furthermore it was without error.  R&R at pp. 55.

9. Illegal sentencing – the R&R disposition of these issues was not erroneous.

10. Petitioner's objections concerning lack of jurisdiction and deficiency of the Bill of Information or Indictment are frivolous but are properly overruled based on pages 37-38 of the R&R.

11. Concerning petitioner's claim that there is new evidence warranting a new trial, Judge Rice appropriately concluded that petitioner had failed to set forth a valid claim under settled law and that petitioner's claim of new evidence was unsupported.  See R&R at pp. 20-21.

12. Judge Rice then reviewed a number of other grounds, including the allegedly improper merger of robbery and kidnaping, the lack of an evidentiary hearing, actual innocence and denied all of these claims with a thorough discussion of the facts introduced at the state court trial.  As to the allegedly improper identification evidence introduced at the trial, Judge Rice found this claim was procedurally defaulted and that the state court did not make an unreasonable application of Supreme Court case law in denying relief to petitioner.  The R&R also shows this again was a credibility issue for the jury.

13. Denial of fair trial.  This overall objection is unsupported by any specific facts and was properly rejected.

An appropriate Order follows.

O:\CIVIL 12\12-7131 saunders v. lamas\12CV7131.memo.12.1.15.docx